IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOAQUIN RODRIGUEZ DE HOYOS**,

Petitioner

vs

**UNITED STATES OF AMERICA,**

Respondent

CIVIL NO. 06-2014(CCC)
Related No. 01-645(CCC)

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1).[1] Respondent filed a Response to the Petition (D.E. #4). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

On September 5, 2001, a Federal Grand Jury returned a two (2) count Indictment against Petitioner Joaquín Rodríguez De Hoyos (hereinafter "Petitioner" or "Rodríguez De Hoyos") and seventeen (17) other co-defendants (Crim.D.E.2).[2] Count one (1) of the Indictment charged Petitioner along with seventeen (17) other co defendants with knowingly and intentionally, combine, conspire, and agree with each other and with divers other people, to knowingly and intentionally distribute multi-kilogram quantities of controlled substances. That is in excess of one (1) kilogram of heroin, in excess of five (5) kilograms of cocaine, in excess of five (5) kilograms of cocaine base and in excess of fifty (50) pounds of marihuana as prohibited by Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846. Count two (2) of the Indictment was a forfeiture count

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is the abbreviation for criminal docket entry.

CIVIL 06-2014CCC                                        2

pursuant to Title 18, United States Code, Section 982.  On September 13, 2001, the Initial Appearance for Santiago Gómez was held and the court ordered his temporary detention without bail (Crim. D.E. 24).  On September 25, 2001, a bail hearing for Petitioner was held and the court ordered Petitioner detained without bail pending trial (Crim. D.E. 42).  On January 2, 2002, a Federal Grand Jury returned a Superseding Indictment against Petitioner and eighteen (18) other co defendants (Crim. D.E. 106).  Count One (1) of the Superseding Indictment charged Petitioner along with eighteen (18) other co-defendants with knowingly and intentionally, combine, conspire, confederate and agree together with each other and with other people to knowingly and intentionally distribute multi-kilograms quantities of controlled substances.   That is, in excess of one (1) kilogram of heroin, in excess of five (5) kilograms of cocaine, in excess of five (5) kilograms of cocaine base and in excess of fifty (50) pounds of marihuana as prohibited by Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.  Count Two (2) of the Superseding Indictment was a forfeiture count pursuant to Title 18, United States Code, Section 853 (Crim. D.E. 106)[3]. On July 16, 2002, Petitioner filed a motion for change of plea (Crim. D.E. 240).  On August 6, 2002, the court entered an order in which it set Petitioner's change of plea hearing for August 7, 2002 (Crim. D.E. 258).   On August 7, 2002, Petitioner's signed plea agreement was filed with the court (Crim. D.E. 265).  On August 7, 2002, Petitioner's change of plea hearing was held before Magistrate Judge Aida Delgado (Crim. D.E. 273).[4]  Magistrate Judge Delgado's Report and Recommendation as to Petitioner, recommending the court accept the guilty plea was filed on August 12, 2002 (Crim.D.E. 280).  On September 5, 2002, the Court entered an order granting the Magistrate's Report and Recommendation thereby accepting Petitioner's plea of guilty.  The sentencing was set for December 10, 2002 (Crim.D.E.311).

---

[3] Petitioner continued detained without bail pending trial (Crim.D.E.111).

[4] Petitioner's change of plea hearing was held jointly with co defendant Carlos Alberto Badillo Cruz before Magistrate Judge Aida Delgado.  C.O.P. Tr. 8/7/02, page 4.

CIVIL 06-2014CCC                                3

On December 10, 2002, sentencing hearing was held and Rodríguez De Hoyos was sentenced as to Count One (1) of the Superseding Indictment to a term of imprisonment of two hundred and sixteen (216) months; a term of supervised release of five (5) years and a special monetary assessment of one hundred dollars ($100.00) (Crim.D.E. 360). On January 31, 2003, Petitioner filed a pro se pro se notice of appeal (Crim.D.E. 392). On January 4, 2005, the United States Court of Appeals for the First Circuit issued its judgment in which it affirmed Rodríguez De Hoyos' sentence. United States v. Joaquín Rodríguez De Hoyos, No. 03-1280 (1st Cir. January 4, 2005).[5]  On January 18, 2005, Petitioner filed for a panel rehearing and rehearing en banc (Appeals 1/18/05 docket 03-1280). On June 17, 2005, the United States Court of Appeals for the First Circuit issued its order denying the petition for rehearing and the petition for rehearing en banc. United States v. Joaquin Rodríguez De Hoyos, No. 03-1280 (1st Cir. June 17, 2005). On October 3, 2005, the United States Supreme Court denied Rodriguez De Hoyos' petition for certiorari Rodríguez De Hoyos v. United States, 546 U.S. 910 (2005). Petitioner filed his Section 2255 motion on October 6, 2006 (D.E. 1). As such the case is ready for disposition by this Court.

**II. DISCUSSION**

In his Petition under 28, U.S.C. Sec. 2255, Petitioner raises two claims of ineffective assistance of counsel. He alleges that his trial counsel was ineffective because he coerced petitioner into pleading guilty by promising a lower sentence than the one stipulated in the plea agreement; and coerced him into entering into a package plea agreement therefore his plea was not voluntary. Petitioner raises for the first time the claim of coercion of his plea of guilty in his Section 2255 Petition.[6]  Petitioner second allegation of ineffective assistance of

---

[5]No. 03-1280 refers to the appeals docket number of the case since it is an unpublished judgment.

[6]In Rodríguez De Hoyos' direct appeal, Petitioner challenged both his plea of guilty during his change of plea hearing and his sentence. His challenge as to the change of plea

CIVIL 06-2014CCC                                    4

counsel is directed towards his appellate counsel for failing to argue that the supervised release conditions of drug testing and treatment were unduly delegated by the sentencing court to the probation officer[7].

### A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. The sentence was imposed in violation of the Constitution or laws of the United States....

2. The court was without jurisdiction to impose the sentence

3. The sentence was in excess of the maximum authorized by law  or....

4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 496 (1986).  The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

---

hearing was that the court did not cover the required topics in the Fed.R.Crim.P. 11 colloquy in a clear and thorough manner.

[7]Petitioner on appeal was represented by a different counsel than his trial counsel.

CIVIL 06-2014CCC					5

### B.  Claim of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudice his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." <u>Strickland</u> 466 U.S. at 688.  Under <u>Strickland</u> counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'"  <u>Strickland</u>, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

A claim of ineffective assistance of counsel should therefore first address Rodriguez Casiano's non compliance with the requisites in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). It is pellucidly clear that Petitioner was obligated to show both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. <u>Strickland</u>, 466 U.S. at 687.  See also <u>López-Nieves</u> v. <u>United States</u>, 917 F.2d 645, 648 (1st Cir. 1990).  He must do this as to each particular instance in which he claims ineffective assistance of counsel.  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." <u>United States v. Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See <u>Strickland</u>, 466 U.S. at 689.

CIVIL 06-2014CCC                                6

Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Petitioner has identified the alleged coercion of his guilty plea as the act of ineffective assistance of counsel in which his then attorney forced Petitioner to enter into a plea agreement that was part of a package plea offer by the government. Petitioner contends that he was forced to accept the plea agreement so that his father and co-defendant would fair better at the time of sentencing. However, mere belated assertions of ineffective assistance of counsel citing acts of coercion without actual reference to the record are merit less and insufficient. More so when the record paints a very different refer then that which Petitioner wishes to put forth.

**Voluntary Guilty Plea**

Rodríguez De Hoyos was one of sixteen (16) co-defendants which the government extended a plea agreement offer to.[8] A review of the record demonstrates that from the initial plea negotiations with the government all the parties involved were aware that the plea agreements being offered by the government were part of what is referred to as a package plea. It is well settled law that plea negotiations are between the parties and the court does not and should not intervene in said negotiations.

However, the Supreme Court has stated that " a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person other than the accused might pose a greater danger of inducing a false guilty plea by skewing the risks a defendant must consider." Bordekircher v. Hayes, 434 U.S. 357, 364 (1978). This concern applies to package pleas agreements because, "quite possibly, one defendant will be happier with the

---

[8]Two (2) other co defendants were removed, by the government, from the "package plea" scenario and were going to go to trial on the charges against them.

CIVIL 06-2014CCC                                7

package deal than his co-defendant(s); looking out for his own best interests, the lucky one may try to force his co-defendant(s) into going along with the deal." United States v. Caro, 997 F.2d 657, 659-660 (9th Cir. 1993).  That is why package plea deals therefore impose special obligations on the government, the prosecutor must alert the district court to the fact that co-defendants are entering a package deal, and the district court must carefully ascertain the voluntariness of each defendant's plea. See: United States v. Daniel, 821 F.2d 76, 78-79 (1st Cir. 1987); United States v. Buckley, 847 F2d. 991, 100 (1st Cir. 1988), cert. denied, 488 U.S. 1015 (1989); United States v. Martínez Molina, 64 F.3d 719 (1st Cir. 1995); United States v. Abbott, 241 F.3d 29 (1st Cir. 2001).

In order to determine if a defendant's plea of guilty, as part of a package plea deal, is voluntary and un coerced the First Circuit Court of Appeals has established a guideline that court must follow.  "We have crafted two safeguards designed to minimize this risk of coercion.  First, the prosecution should inform the district court that the defendant's guilty plea is part of a package deal.  Second, the district court should carefully ascertain the voluntariness of defendant's plea during the Rule 11 colloquy, with an eye toward minimizing the risk of co-defendant coercion inherent in the package plea context." United States v. Ortiz Torres, 449 F.3d 61, at 69 (1st Cir. 2006). See also, United States v. Martínez Molina, 64 F.3d 719 (1st. Cir. 1995).

In the case of Rodríguez De Hoyos both criteria were met.  A review of the transcript of change of plea hearing reflects that as to the first criteria the prosecutor had in fact informed the court that it had before it a package plea agreement.

> The Court: Very well.  And you also have stipulated that this is a package Plea Agreement.  The Court is being placed on notice of that.  That means that the Government is requiring all Defendants to plead guilty in order to basically save effort and expenses of a trial.  However, I must assure myself that even in spite of that condition, you would have taken, as well, the decision of pleading guilty. So that is why I ask you if you have felt compelled to plead guilty.
>
> Defendant Rodríguez De Hoyos: No.

> The Court: Have you taken this decision solely based on the evidence available in this case and your discussions with counsel regarding that evidence?
> Defendant Rodríguez De Hoyos: Yes.
>
> The Court: Has any of the Defendants asked you to plead guilty in order for him or her be able to benefit from plea negotiations?
>
> Defendant Rodríguez De Hoyos: No.
>
> The Court: And are you sure of that?
>
> Defendant Rodríguez De Hoyos: Yes.
>
> The Court: Have any threats been made upon you to accept the terms and conditions within this Plea Agreement?
>
> Defendant Rodríguez De Hoyos: No.

(C.O.P. Hr.T. 8/7/202 at pages 31-32.)

Clearly the Court was well aware and informed of the package nature of the plea agreement. Information which the court at the outset of the change of plea hearing shared with petitioner. The court also ascertained itself that Petitioner was entering a plea of guilty on his own will and volition. The record reflect that the second criteria for a package plea agreement was met. The court ascertained that Petitioner's plea of guilty was not coerced and was in fact a voluntary one.[9] Furthermore, a reading of the plea agreement signed by Rodriguez De Hoyos at page four (4) paragraph eight (8) states "Package Plea Provision - The defendant is fully aware that this is a package plea agreement, that is, a plea agreement conditioned upon the guilty plea of all co-defendants. Defendant acknowledges that in light of the nature of this package plea agreement, the defendant certifies that defendant is not entering into a guilty plea because of threats or pressures from any co-defendant to accept

---

[9]In United States v. Ortiz-Torres, the court faced with an issue of coercion in a package plea stated that the district court "individually questioned the defendants, asking whether they were threatened or coerced by anyone or anybody into entering their individual guilty pleas. This alone was likely sufficient." United States v. Ortiz-Torres, 449 F.3d 61 at 69 (1st Cir. 2006).

CIVIL 06-2014CCC                                              9

such plea offer." ( Crim. D.E. 265 at page 4.)  The plea agreement is signed by Petitioner Rodríguez De Hoyos and his initials are on every page (Crim. D.E. 265).

Petitioner's contention that he was unduly pressured, coerced, by his attorney is clearly contravened by the record.  Petitioner may have had a change of heart of the sacrifice he made by pleading guilty but that was his decision and one which he must live with.  "If a defendant elects to sacrifice himself to protect someone close to him that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with subsequent developments." United States v. Buckley, 847 F.2d 991, 1000 (1st Cir. 1988), United States v. Yeje-Cabrera, 430 F.3d 1, Fn.19 (1st Cir. 2005).  This seems to be the case of Rodríguez De Hoyos one in which hindsight is twenty-twenty.

Petitioner alleges that he was further induced by his counsel to plead guilty because the same promised him that at sentencing the court would depart lower that the calculated guideline of two hundred and eighteen months[10].  It is because of this alleged promise that Rodríguez De Hoyos allegedly decided to plead guilty.  Once again a review of the record fail Petitioner.

> The Court: Mr. Rodríguez, can you tell me to what are the penalties to which you are exposed in count one?  What is the minimum that the Court can impose upon you?
>
> Defendant Rodríguez De Hoyos: Eighteen years.
>
> The Court: Eighteen years is under the guidelines. However, under the Statute, what is the minimum mandatory penalty?
>
> Defendant Rodríguez De Hoyos: No less than ten years.
>
> The Court: That is correct, no less than ten years.

(C.O.P. Tr. 8/7/02, pgs. 7-8.)

---

[10] Rodríguez De Hoyos' plea agreement at paragraph seven (7) states "The United States agrees to recommend a sentence of TWO HUNDRED SIXTEEN (216) MONTHS, that is, EIGHTEEN (18) YEARS, should the defendant comply with all terms of this plea agreement." (Crim.D.E. 265 at page 4.)

CIVIL 06-2014CCC						10

    Clearly Rodríguez De Hoyos was well aware of the statutory penalties he was exposed to. So much so that it is he who informs the court of the penalties and not the other way around. The court continues in its colloquy to ascertain Petitioner's knowledge of his possible sentence.

> The Court: So in this case, in essence, I'm fully aware that you both have reached a Plea Agreement, and with that Plea Agreement, you have presented Sentencing Guidelines calculations. Of course, based on those Sentencing Guidelines calculations is what the Court will decide what is the proper sentence in your case. However, concerning those guidelines, and that is quite technical, I want you to have some basic concepts very clear. First of all the Plea Agreement that I have here that has been filed with the Court is like a contract. It is only binding upon you, your attorney and the attorney for the Government, the same persons who have signed this document. Do you have that clear?
>
> Defendant Rodríguez De Hoyos: Yes.

(C.O.P. Tr. 8/7/02, pgs. 23-24.)

> The Court: Under the Sentencing Guidelines, if you look to page three of your Plea Agreement, it states that regardless of what were the final quantities of drugs distributed at the Lopez Nussa housing project, you are to be held accountable for the legal possession and distribution of an amount between 50, but less than 150 kilograms of cocaine, and I ask you if that is what you stipulated to.
>
> Defendant Rodríguez De Hoyos: Yes.
>
> The Court: So for that amount of drugs, I'm advising you that the level of seriousness is 36. So as an aggravating factor, the Government has evidence in its possession that you had managerial role . . . and because of that, that level of seriousness is to be enhanced by three additional points, and I ask you if you also stipulated to that.
>
> Defendant Rodríguez De Hoyos: Yes.
>
> The Court: And then we have a mitigating factor here that the Government is stipulating to, and it's the fact that since you are accepting responsibility, that you're pleading guilty, then three points are to be deducted. So that means if we have an initial level of 36, and we add three points for you being a manager or supervisor, that increases to 39, and if we subtract three because you are pleading guilty, then we go back to a level of 36, and I ask you if that is what you stipulated to.
>
> Defendant Rodríguez De Hoyos: Yes.

(C.O.P. Tr. 8/7/02, pgs. 28-30.)

CIVIL 06-2014CCC 11

Clearly the court went into great detail in explaining the sentencing guidelines that would apply to Petitioner's case and determining if Petitioner understood them. At no time did Rodríguez De Hoyos inform the court that he had a different understanding as to his possible sentence or that he would receive further reductions than those informed by the court.

During the change of plea haring the court went on to ascertain that Petitioner was not promised any thing else other than that which was stipulated in the plea agreement.

> The Court: Have any threat been made upon you for you to accept the terms and conditions within this Plea Agreement?
>
> Defendant Rodríguez De Hoyos: No.
>
> The Court: In this Plea Agreement, you're telling me that you're satisfied with the services rendered by Attorney Leslie Alvarado, and I ask you if that's correct.
>
> Defendant Rodríguez De Hoyos: Yes.
>
> The Court: Has he discussed with you the contents of this Plea Agreement in the Spanish language?
>
> Defendant Rodríguez De Hoyos: Yes.

(C.O.P. Tr. 8/7/02 pgs. 32033.)

> The Court: Are you aware – and this question, I pose to both of you, – that you have both agreed that no further adjustments or departures will be requested at the time of sentence?
>
> Defendant Rodríguez De Hoyos: Yes.
>
> The Court: Do you both understand that the Court is aware of only what is written in this Plea Agreement. So that means if anyone else has approached you and made you any representations or promises, those representations or promises are not valid, inasmuch as they are unknown to the Court. Do you both understand that?
>
> Defendant Rodríguez De Hoyos: Yes.

(C.O.P. Tr. 8/7/02, pgs. 37-38.)

Clearly the court informed Petitioner that no other departures were contemplated in his plea agreement and Petitioner under oath accepted to the court that he had received no further promises from anyone. Furthermore, in Rodríguez De Hoyos' plea agreement

CIVIL 06-2014CCC                                        12

paragraph nine (9) states" The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by either party" (Crim. D.E. 265 at p.4).

The court also makes note that an exhaustive review of the criminal docket in this case reflects no evidence of Petitioner's contention of coercion.  Rodríguez De Hoyos after his change of plea hearing, had ample opportunity to inform the court of the coercion, request a withdrawal of his plea and choose not to do so.  In fact a review of the sentencing hearing transcript reveals that the court followed the sentencing recommendation stipulated in the plea agreement and sentenced Petitioner to two hundred and sixteen (216) months of imprisonment. (Sentencing Tr. 12/10/02 at p.9).  At no time during said hearing did Petitioner object and inform the court that he had been promised a lower sentence.  Petitioner had ample opportunity to file a motion to withdraw his guilty plea to alert the court of the acts of coercion which he alleges yet he repeatedly failed to do so.

Finally, in his appeal Petitioner questioned the validity of a package plea but never once attacked the voluntariness.  It is not until the First Circuit Court of Appeals pointed out in its judgment the issue of voluntariness that petitioner raised the claim of coercion for the first time in his Section 2255 motion.[11]  This seems a little to coincidental to be overlooked by the court.

Having established that Petitioner's claim of ineffective assistance of counsel, for acts of coercion as to his plea of guilty are meritless the same are hereby **DENIED**.

---

[11]"The Fed.R.Crim.P. 11 colloquy covered the required topics clearly and thoroughly. There was no objection to the colloquy in the district court; the plain error standard of review is applicable and it has not been met...Because appellant fails to argue that his plea was coerced and because the district court discussed he package nature of the plea with appellant, we reject the argument that there is a question as to the voluntary nature of appellant's plea."  United States v. Rodríguez-De Hoyos, No. 03-1280 (1st Cir. January 4, 2005).

CIVIL 06-2014CCC                                      13

**SUPERVISED RELEASE**

Petitioner's appellate counsel was different from his trial counsel. Petitioner alleges that appellate counsel was ineffective because she failed to claim that the drug testing conditions and the supervisory treatment conditions to be imposed in the event of a positive drug test result during the supervised release term contravened the holding of Meléndez-Santana, 353 F.3d 93, 103 (1st Cir. 2003).[12]

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). Appellate counsel is not required to raise frivolous claims, but rather selects among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002). Discarding weaker arguments on appeal and focusing on those more likely yo prevail, is the hallmark of appellate advocacy. Smith v. Murray, 477 U.S. 527, 536 (1986).

To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel choose to assert. Smith v. Robbins, 528 U.S. 259, 288 (2000).

A review of the record does not sustain Petitioner's contention of ineffectiveness of appellate counsel. At sentencing the court did not put a cap or maximum number of drug test to be preformed by the probation office, it did however establish a minimum. The court when informing Petitioner of his supervised release term, in its pertinent part stated:

> The Court: Five, defendant shall refrain from the unlawful use of controlled substances and shall submit to a drug test within 15 days of release on

---

[12] Meléndez-Santana, was overruled by United States v. Padilla, 415 F.3d 211 (2005) which established that district court's erroneous delegation of authority to probation officer to determine maximum number of drug tests to be automatically reversible, but instead was subject to plain error review, thus overruling United States v. Meléndez-Santana, 353 F3d. 93.

>       supervised released, at least two periodic test thereafter and whenever
>       requested by the U.S. probation officer. If any such samples detect substance
>       abuse, defendant shall, at the discretion of the U.S. probation officer, participate
>       in a substance abuse treatment program arranged and approved by the U.S.
>       probation officer, until duly discharged by authorized program personnel with
>       the approval of the U.S. probation officer." (Sentencing Hr. Tr. 12/10/02 at page
>       10).

Pursuant to Meléndez-Santana, the error is not that the district court left the probation officer room to determine the number of drug test; rather, it is that the court failed to limit the delegated discretion by not capping that number. Meléndez-Santana at 103.

While the court committed error when it ordered drug testing under section 3583(d) but failed to establish the maximum number of tests that the probation officer can administer, this did not constitute plain error. In United states v. Padilla, 415 F.3d 211 (1st Cir. 2005) the First Circuit Court stated that delegation did not impugn fairness, integrity, or public reputation of criminal proceeding as a whole, and thus was not reversible under plain error standard. See Padilla at 233.

Furthermore, a review of the written judgment as written eliminated the discretionary provision of the U.S. probation officer. Instead of leaving within the discretion of the probation officer the alternative of drug testing if Rodríguez De Hoyos tested positive, the judgment states "If any such samples, detect substance abuse, the defendant shall participate in a substance abuse treatment program...." (Crim.D.E. 391 at page 3.) In the judgment the court removed the discretionary nature of what to do in the event of a positive drug test therefore eliminating any possible error. The court clearly set an amount of drug test to be preformed by the U.S. probation officer and gave the probation office specific instructions as to how to proceed in the event that a test came back positive for substance abuse.

Having established that appellate counsel committed no act of ineffective assistance of counsel by not raising a meritless claim, Petitioner's second argument for ineffective assistance of counsel is **DENIED**.

CIVIL 06-2014CCC						15

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JOAQUIN RODRIGUEZ DE HOYOS** is not entitled to federal habeas relief on the claim presented.  Accordingly, it is ordered that petitioner **JOAQUIN RODRIGUEZ DE HOYOS'** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DENIED.**

SO ORDERED.

At San Juan, Puerto Rico, on July 17, 2009.

					S/CARMEN CONSUELO CEREZO
					UNITED STATES DISTRICT JUDGE